TROY LEE HARMS V STATE OF TEXAS



 NO. 07-02-0089-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 1, 2002


______________________________



RODRIGO RODRIGUEZ,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;



NO. 94,2210-E; HON. GENE L. DULANEY, PRESIDING


_______________________________



ABATEMENT AND REMAND


_______________________________



Before BOYD, C.J., QUINN and REAVIS, JJ.

 Appellant, Rodrigo Rodriguez, appeals from a judgment revoking his community
supervision, adjudicating his guilt, and sentencing him to prison for ten years. Sentence
was pronounced in open court on November 12, 2001. Thus, the appellate record was
due by March 19, 2002. Tex. R. App. P. 35.2(a). Neither the clerk's record nor the
reporter's record has been received. Furthermore, according to the reporter, the record
has not been developed because: 1) he has not received a request from the appellant to
develop the record; 2) he has not received payment; 3) appellant has not made
arrangements to pay for same; and, 4) he did not receive a copy of the notice of appeal.

 Accordingly, we now abate this appeal and remand the cause to the 106th District
Court of Lynn County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following: 

 1. whether appellant desires to prosecute the appeal; 

 2. whether appellant is indigent; 

 3. whether counsel has been appointed to prosecute this appeal;

 4. if counsel has not been appointed, whether appellant is entitled to appointed 
 counsel; and

 5. whether the appellant is entitled to the preparation of a free appellate record. 

The trial court shall cause the hearing to be transcribed. Furthermore, the trial court shall
execute findings of fact and conclusions of law addressing the aforementioned issues and
disclosing the name, address, state bar number, and telephone and fax numbers of newly
appointed counsel, if any. The district court shall also cause to be developed 1) a
supplemental clerk's record containing the findings of fact and conclusions of law and all
orders of the district court issued as a result of its hearing on this matter, and 2) a
reporter's record transcribing the evidence and arguments presented at the
aforementioned hearing. Additionally, the district court shall cause the supplemental
clerk's record to be filed with the clerk of this court on or before May 1, 2002. Should 

further time be needed by the trial court to perform these tasks, then same must be
requested before May 1, 2002. 

 It is so ordered. 


 Per Curiam 

 Do not publish.